UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20182-RAR

**UNITED STATES OF AMERICA,**

v.

**FRANCIS MAURICE HUNDLEY,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR HOME CONFINEMENT**

**THIS CAUSE** comes before the Court on *pro se* Defendant Francis Maurice Hundley's Emergency Motion for Home Confinement Due to Outbreak of Covid-19 Causing a Foul [sic] Under the Eighth Amendment to the U.S. Constitution, filed on November 13, 2020 [ECF No. 196] ("Motion"). Having considered Defendant's Motion, the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

**BACKGROUND**

On August 2, 2019, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute a detectable amount of cocaine in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846. *See* Plea Agreement [ECF No. 119]. On November 26, 2019, Defendant was sentenced to a total term of 36 months in prison, followed by three years of supervised release. *See* Judgment [ECF No. 187]. On June 15, 2020, Defendant filed an Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 191] ("First Emergency Motion") which this Court denied on June 18, 2020 [ECF No. 192] ("First Order").

As explained by the Court in its First Order, Defendant's First Emergency Motion failed to present extraordinary and compelling circumstances to grant compassionate release under section 3582(c)(1)(A). *See generally*, First Order. Specifically, the Court noted that Defendant's generalized COVID-19 fears and speculation were insufficient to justify a reduction in his sentence. *Id.* at 2. Moreover, in his First Emergency Motion, Defendant failed to provide any evidence regarding the severity of his conditions—"obesity, possible hypertension and past respi[ra]tory complications from asthma and bronchitis"—to warrant relief under the First Step Act. *Id.* at 3 (citing *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition)). The Court also held that Defendant had failed to exhaust administrative remedies as required under section 3582(c)(1)(A), further mandating denial of his First Emergency Motion. *Id.* at 3-4.

Defendant's instant Motion is now couched under the Eighth Amendment in lieu of section 3582(c)(1)(A). He argues that the conditions of confinement in FMC Butner since the filing of his First Emergency Motion on June 15, 2020 have become "extraordinary and compelling thus running a foul [sic] to the 8th Amendment to the U.S. Constitution." Mot. at 1. Specifically, Defendant maintains—without any supporting documentation or evidence regarding the severity of his condition—that he "is COVID-19 positive," and his "lack of access to adequate medical care" constitutes "cruel and unusual punishment" under the Eighth Amendment. *Id.* at 1-2. Further, Defendant claims that he is being housed with another positive COVID-19 patient and "hasn't seen a doctor or received any medication after testing positive for Covid on November 5, 2020." *Id.* at 2. Accordingly, he argues that due to the Bureau of Prisons' ("BOP") "deliberate

Page **2** of **7**

indifference," his "release is required under the Eighth Amendment" and he should be "immediately furlough[ed]" given the "extremely threatening conditions" posed by COVID-19. *Id.* at 1, 3.

## **ANALYSIS**

As an initial matter, Defendant is simply not entitled to the relief requested in his motion, *i.e.*, release to home confinement. *See Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment . . . [R]elief of an Eighth Amendment violation does not include release from confinement."); *see also Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("[E]ven if [p]etitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim."). Thus, Defendant is incorrect in asserting that "release is required under the Eighth Amendment," and his Motion warrants denial on this ground alone.[1]

But even if the Court looks beyond Defendant's legally impermissible request for relief, his Motion fails to establish that he is being denied the level of care required under the Eighth Amendment's standard prohibiting cruel and unusual punishment. The Eighth Amendment

---

[1] Additionally, it is worth noting that an additional policy ground exists for denying Defendant's request for release having recently tested positive for COVID-19. Releasing Defendant from BOP custody while he is infected with the virus "would place [Defendant] in a new environment, surrounded by new people who might be exposed to the virus for the first time. This would be unwise from a policy standpoint and unauthorized from a legal standpoint." *United States v. Hasson*, Case No. 99-CR-09063, 2020 WL 4368102, *3 (S.D. Fla. July 30, 2020). The Court declines to "take any risk of transferring [an] inmate[ ] to home confinement that will contribute to the spread of COVID-19, or put the public at risk in other ways." Memorandum for Director of Bureau of Prisons, William Barr, Attorney General, Prioritization of Home Confinement as Appropriate in Response to the COVID-19 Pandemic (Mar. 26, 2020).

"prohibits 'the unnecessary and wanton infliction of pain' [and] also prohibits 'deliberate indifference to serious medical needs of prisoners.'" *Hoffer v. Secretary, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see also Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020).

"First, to satisfy the 'objective component,' the [defendant] must show 'an objectively intolerable risk of harm.'" *Swain*, 958 F.3d at 1088 (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)). "He must show that the challenged conditions were 'extreme' and presented 'an unreasonable risk of serious damage to his future health or safety.'" *Id.* (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)); *see also Hoffer*, 973 F.3d at 1273 (11th Cir. 2020) (explaining that an "objectively serious medical need" is one "diagnosed by a physician as mandating treatment . . . that if left unattended, poses a substantial risk of serious harm.") (quoting *Farrow*, 320 F.3d at 1243).

Here, Defendant's Motion wholly fails to set forth sufficient allegations to satisfy this objective prong. Aside from indicating that he has tested positive for COVID-19, he does not allege that he is suffering from *any* COVID-19 related conditions. More importantly, the fact that Defendant has been tested and diagnosed by prison officials, and segregated within the prison population at FMC Butner, clearly indicates that he is receiving *some* medical attention and being monitored. *See Hoffer*, 973 F.3d at 1272 (recognizing that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law.") (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)).

Consequently, Defendant has not alleged the complete absence of care; rather, he appears to take issue with the method of care. *Id.* at 1273 (explaining that "some medical attention" doesn't "demand curative care" and "diagnosing, monitoring, and managing conditions . . . will often meet the 'minimally adequate medical care' standard that the Eighth Amendment imposes.") (citation omitted). Indeed, Defendant simply states that he "is overweight and being obese intertwined with COVID-19 is a deadly combination." Mot. at 2. To be sure, complications from COVID-19 can arise when an individual suffers from obesity. *See* Centers for Disease Control and Prevention, *Obesity, Race/Ethnicity, and COVID-19* (October 28, 2020) *available at* https://www.cdc.gov/obesity/downloads/data/obesity-maps/obesity-race-ethnicity-and-COVID-19.pdf. However, Defendant's Motion merely posits that he may one day face a risk of harm, which is wholly insufficient to establish an "objectively serious medical need" under the Eighth Amendment. *See Harris*, 941 F.2d at 1505 (noting that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment.").

Similarly, Defendant has failed to satisfy the subjective element of his deliberate indifference claim under the Eighth Amendment. To satisfy the subjective component, a prisoner "must show that the . . . official acted with deliberate indifference." *Swain*, 958 F.3d at 1088-89 (citations and internal quotations omitted). "An official acts with deliberate indifference when he 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* at 1089 (quoting *Farmer*, 511 U.S. at 837). "Deliberate indifference requires the defendant to have a subjective 'state of mind more blameworthy than negligence,' . . . closer to criminal recklessness." *Id.* (quoting *Farmer*, 511 U.S. at 835); *see also Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir. 1996) (finding a constitutional violation requires more than a breach of the applicable standard of care;

there must be deliberate indifference, which requires a finding of subjective awareness of the risk accompanied by a conscious disregard of it).

Here, Defendant's conclusory argument—that BOP has failed to adequately protect him from COVID-19—is insufficient to illustrate the subjective element of deliberate indifference. He generally avers that the conditions of confinement at FMC Butner have resulted in the spread of COVID-19, making it difficult for him to "properly quarantine." Mot. at 2. Defendant notes that he is "warehoused in an open-style dormitory with a hundred plus positive COVID-19 (inmate-patients) with very limited [personal protective equipment] gear." *Id.* at 1-2. But this approach allegedly employed by FMC Butner does not constitute disregard of an excessive risk to Defendant's health or safety. As explained by the Eleventh Circuit:

> Whatever deliberate indifference is, the defendants' conduct here doesn't show it. The district court erred in holding that the defendants acted with a deliberately indifferent mental state, equivalent to subjective recklessness as used in the criminal law … **We simply cannot conclude that, when faced with a perfect storm of a contagious virus and the space constraints inherent in a correctional facility, the defendants here acted unreasonably by "doing their best."** Because the defendants acted reasonably, they cannot be found liable under the Eighth Amendment.

*Swain v. Junior*, 961 F.3d 1276, 1289 (11th Cir. 2020) (emphasis added) (internal citations and quotations omitted). Here, it is apparent to the Court from Defendant's Motion that prison officials at FMC Butner are doing their best to manage a purported outbreak of COVID-19 in their facility with limited resources. Thus, their actions cannot be described as deliberately indifferent. *See McMurry v. Brown*, No. 2:20-CV-58, 2020 WL 3118567, at *10 (W.D. Mich. June 12, 2020) ("Although the Court is sympathetic to Plaintiff's general concern about the COVID-19 virus, he has failed to allege facts showing that Defendant's handling of the COVID-19 crisis violated his Eighth Amendment rights.").

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that *pro se* Defendant Francis Maurice Hundley's Emergency Motion for Home Confinement Due to Outbreak of Covid-19 Causing a Foul Under the Eighth Amendment to the U.S. Constitution, filed on November 13, 2020 [ECF No. 196] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of November, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**